# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-724V
Filed: April 17, 2017
Not for Publication

***********************************
THOMAS REECE, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
Respondent. *
*
***********************************

Attorneys' fees and costs decision; reasonable attorneys' fees and costs

Michael G. McLaren, Memphis, TN, for petitioner.
Amy P. Kokot, Washington, DC, for respondent.

**MILLMAN, Special Master**

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On July 14, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged his receipt of the influenza ("flu") vaccine caused him to develop Guillain-Barré syndrome ("GBS"). On January 17, 2017, the undersigned issued a damages decision in this case pursuant to the parties' stipulation awarding petitioner $646,322.67 in compensation.

On March 31, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $42,884.50 in attorneys' fees, $4,677.98 in attorneys' costs, and $1,581.80 in personal

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

litigation expenses, for a total request of $49,144.28. On April 17, 2017, respondent filed a response to petitioner's motion explaining that he is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's attorneys' fees and costs request is reasonable. Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the court awards:**

a. **$47,562.48**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Black McLaren Jones Ryland & Griffee, PC in the amount of **$47,562.48**; and

b. **$1,581.80**, representing petitioner's costs. The award shall be in the form of a check made payable to petitioner for **$1,581.80.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 17, 2017

s/ Laura D. Millman
Laura D. Millman
Special Master

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.